IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City, Kansas, Docket)

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

Case No. 16-20051-01,02,03,04,05-JAR-DJW

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**RAM METAL PRODUCTS, INC., and**
**ALBERTO DIAZ-HERNANDEZ,**

Defendants.

## SEALED INDICTMENT

The Grand Jury charges:

## SUMMARY OF CHARGES

**Count 1,** Conspiracy to Obtain Forced Labor and to Benefit from Forced Labor, 18 U.S.C. § 1594(b), 18 U.S.C. §§ 1589(b)(2), (3) & (4), and 1589(b).

**Counts 2-4,** Obtaining and Attempting to Obtain Forced Labor, 18 U.S.C. §§ 1589(b)(2), (3) & (4) and 1594(a).

**Counts 5-7,** Benefitting from Forced Labor, 18 U.S.C. § 1589(b).

**Count 8**, Conspiracy to Transport Aliens Unlawfully Present, to Harbor Aliens Unlawfully Present, and to Encourage or Induce Undocumented Aliens to

Reside in the U.S. for Commercial Advantage or Private Financial Gain, 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), (iv) and (v)(I).

**Counts 9-10**, Transporting an Alien Unlawfully Present in the U.S., 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).

**Counts 11-13,** Harboring an Undocumented Alien in a Building or in a Means of Transportation, 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (v)(II).

**Counts 14-17,** Encouraging or Inducing Undocumented Aliens to Reside in the U.S., 8 U.S.C. §§ 1324(a)(1)(A)(iv) and (v)(II).

**Criminal Forfeiture**

## GENERAL ALLEGATIONS

1. On or about the dates specified herein, defendants Tommy Frank Keaton (Keaton) and Graziano Cornolo (Cornolo) were the principal owners of Canadian West, Inc., and RAM Metal Products, Inc., companies engaged in a roofing business based at 6 South 59th St. Lane, Kansas City, Kansas, 66102, known as “Century Roofing” (Century Roofing).

2. Century Roofing used primarily undocumented workers who were paid in cash to complete commercial and residential roofing projects in the Kansas City metropolitan area.

3. During the periods alleged herein, the defendants engaged in unlawful business practices relating to the workers who installed roofs, such as coercion,

extortion, eviction, threats and financial kickbacks.

4. As a result of the defendants' unlawful activities, they enriched themselves at the expense of those workers as well as the defendants' customers.

## COUNT 1

**18 U.S.C. § 1594(b), 18 U.S.C. § 1589(b)(2), (3) & (4) and 1589(b)**
**(Conspiracy to Obtain Forced Labor and to Benefit from Forced Labor)**

5. Paragraphs 1-4 are incorporated by reference.

6. Between at least as early as 2009 and June 2016, within the District of Kansas and elsewhere, the defendants,

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

and others both known and unknown to the grand jury, engaged in a conspiracy to obtain and to attempt to obtain forced labor and to benefit from forced labor in violation of Title 18, United States Code, Section 1594(b), with reference to Title 18, United States Code, Sections 1589(b)(2), (3) & (4), 1589(b), and 1594(a).

## PURPOSE AND OBJECT OF THE CONSPIRACY

7. The purpose and object of the conspiracy, and its manner and means,

included as follows:

a. The purpose of the conspiracy was to make money and create wealth for the defendants.

b. The object of the conspiracy was to facilitate the use of forced labor, including labor by undocumented workers, for roofing installation projects to maximize financial benefits to the defendants.

**OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY**

8. During the course of the conspiracy and in furtherance of the conspiracy, and to effect the objects thereof, one or more of the co-conspirators committed and caused to be committed at least one of the following acts, among others, within the District of Kansas and elsewhere:

a. Required roofing crew leaders to pay cash kickbacks to one or more of the defendants under threat of getting fired if they didn't pay the kickbacks;

b. Required roofing crew leaders to pay cash kickbacks to one or more the defendants under threat of impairing their ability to work for other companies if they didn't pay the kickbacks;

c. Provided invoices and IRS Form 1099s to crew leaders that included the amounts paid to one or more defendants as kickbacks;

d. Required roofing crew leaders to pay cash kickbacks to one or more of the defendants under threat of firing even when doing work for other roofing companies not associated with the defendants;

e. Arranged to provide work trucks for crew leaders, for which the crew leaders would make loan payments, pay for insurance and pay for maintenance, then threatened to take away the trucks without compensation if the crew failed in some way to carry out the directives of the defendants, including payment of cash kickbacks and payment for materials on non-Century Roofing jobs.

f. Arranged to provide work trucks for crew leaders, for which the crew leaders would make loan payments, pay for insurance and pay for maintenance, then taking possession of the trucks, without compensation, from the persons making payments on the trucks;

g. Threatened to call U.S. immigration authorities, often using the Spanish phrase "la migra" (immigration officers), if undocumented crew leaders or their crews failed or refused to pay cash kickbacks to the defendants;

h. Threatened to call U.S. immigration authorities if undocumented crew leaders or their crews engaged in work for other roofing companies without one or more of the defendant's approval;

i. Threatened to call U.S. immigration authorities if undocumented crew leaders or their crews didn't complete work by deadlines set by the defendants or otherwise failed to carry out the defendants' directives;

j. Threatened to evict crew leaders from housing owned and provided by the defendants if the crew leaders didn't follow the defendants' directives;

k. Evicted crew leaders and removed property from housing owned and provided by the defendants when the crew leaders failed to follow one or more of the defendant's directives;

l. Threatened to withhold payments from crew leaders for work completed if the crew leaders failed to follow the defendant's directives;

m. Withheld payments from crew leaders for work completed;

n. Reassigned a crew leader's crews to other crew leaders if the original crew leader failed to follow the defendant's directives;

All in violation of Title 18, United States Code, Sections 1594(b), 1589(b)(2), (3) & (4) and 1589(b).

## <u>COUNT 2</u>

**18 U.S.C. §§ 1589(b)(2), (3) & (4) and 2**
**(Obtaining Forced Labor)**

9. Paragraphs 1-8 are incorporated by reference.

10. In about 2010, within the District of Kansas and elsewhere, the defendants,

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

knowingly and intentionally obtained and attempted to obtain the labor and services of a person whose initials are MER, by means of serious harm and threats of serious harm to MER, and by the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause MER to believe that, if he did not perform such labor and services, that he would suffer serious harm, in violation of Title 18, United States Code, Sections 1589(b)(2), (3) & (4) and 2, and 1594(a).

**<u>COUNT 3</u>**

**18 U.S.C. §§ 1589(b)(2), (3) & (4) and 2**
**(Obtaining Forced Labor)**

11. Paragraphs 1-10 are incorporated by reference.

12. In about 2011, within the District of Kansas and elsewhere, the

defendants,

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

knowingly and intentionally obtained and attempted to obtain the labor and services of a person whose initials are SMV, by means of serious harm and threats of serious harm to SMV, and by the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause SMV to believe that, if he did not perform such labor and services, that he would suffer serious harm, in violation of Title 18, United States Code, Sections 1589(b)(2), (3) & (4) and 2, and 1594(a).

## COUNT 4

**18 U.S.C. §§ 1589(b)(2), (3) & (4) and 2**
**(Obtaining Forced Labor)**

13. Paragraphs 1-12 are incorporated by reference.

14. In about 2012, within the District of Kansas and elsewhere, the defendants,

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**

**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

knowingly and intentionally obtained and attempted to obtain the labor and services of a person whose initials are GSS, by means of serious harm and threats of serious harm to GSS, and by the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause GSS to believe that, if he did not perform such labor and services, that he would suffer serious harm, in violation of Title 18, United States Code, Sections 1589(b)(2), (3) & (4) and 2, and 1594(a).

## COUNT 5

**18 U.S.C. §§ 1589(b) and 2**
**(Benefitting from Forced Labor)**

15. Paragraphs 1-14 are incorporated by reference.

16. In about 2010, within the District of Kansas and elsewhere, the defendants,

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

knowingly and intentionally financially benefitted from and received things of value from participation in a venture which has engaged in the obtaining of labor and services of a person whose initials are MER, by means of serious harm and threats of serious harm to MER, and by the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause MER to believe that, if he did not perform such labor and services, he would suffer serious harm, all in violation of Title 18, United States Code, Sections 1589(b) and 2.

**COUNT 6**

**18 U.S.C. §§ 1589(b) and 2**
**(Benefitting from Forced Labor)**

17. Paragraphs 1-16 are incorporated by reference.

18. In about 2011, within the District of Kansas and elsewhere, the defendants,

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

knowingly and intentionally financially benefitted from and received things of

value from participation in a venture which has engaged in the obtaining of labor and services of a person whose initials are SMV, by means of serious harm and threats of serious harm to SMV, and by the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause SMV to believe that, if he did not perform such labor and services, that he would suffer serious harm, in violation of Title 18, United States Code, Sections 1589(b) and 2.

## COUNT 7

**18 U.S.C. §§ 1589(b) and 2**
**(Benefitting from Forced Labor)**

19. Paragraphs 1-18 are incorporated by reference.

20. In about 2012, within the District of Kansas and elsewhere, the defendants,

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

knowingly and intentionally financially benefitted from and received things of value from participation in a venture which has engaged in the obtaining of labor

and services of a person whose initials are GSS, by means of serious harm and threats of serious harm to GSS, and by the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause GSS to believe that, if he did not perform such labor and services, that he would suffer serious harm, in violation of Title 18, United States Code, Sections 1589(b) and 2.

**COUNT 8**

**8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(iv), and 1324(a)(1)(A)(v)(I)**

**(Conspiracy to Transport, Harbor, and Encourage Residence of Aliens Unlawfully Remaining in the United States or in Reckless Disregard of the Aliens' Unlawful Presence)**

21. Paragraphs 1-20 are incorporated by reference.

22. Between at least as early as 2009 and June 2016, within the District of Kansas and elsewhere, the defendants,

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**RAM METAL PRODUCTS, INC., and**
**ALBERTO DIAZ-HERNANDEZ,**

and others both known and unknown to the grand jury, engaged in a conspiracy,

for the purpose of commercial advantage and private financial gain, to transport by means of transportation; to harbor in any place, building and means of transportation; and induce and encourage aliens to reside in the United States; knowing and in reckless disregard of the fact that such residence is in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), (iii) and (iv) and (B)(i), and (a)(1)(A)(v)(I).

**COUNT 9**

**8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II)**
**Transporting an Alien Unlawfully Present in the U.S., 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).**

23. Paragraphs 1-22 are incorporated by reference.

24. In about September 2011, within the District of Kansas and elsewhere, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

intentionally transported, and aided and abetted the transport, of an alien, whose initials are MER, within the United States by means of transportation, a pick-up truck, knowing and in reckless disregard of the fact that the alien had come to

and remained in the United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (v)(II).

**COUNT 10**

**8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II)**
**Transporting an Alien Unlawfully Present in the U.S., 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).**

25. Paragraphs 1-24 are incorporated by reference.

26. In about 2012, within the District of Kansas and elsewhere, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

intentionally transported, and aided and abetted the transport, of an alien, whose initials are SMV, within the United States by means of transportation, a pick-up truck, knowing and in reckless disregard of the fact that the alien had come to and remained in the United States in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (v)(II).

**COUNT 11**

**8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II)**

**Harboring an Alien Knowing or in Reckless Disregard of the Fact that the Alien has Come to or Remains in the U.S. in Violation of Law**

27. Paragraphs 1-26 are incorporated by reference.

28. In about September 2011, within the District of Kansas and elsewhere, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing, and**
**RAM METAL PRODUCTS, INC.,**

harbored an alien, whose initials are MER, in a building and a means of transportation, knowing and in reckless disregard of the fact that the alien had come to, entered, or remained in the United States in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (v)(II).

**COUNT 12**

**8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II)**

**Harboring an Alien Knowing or in Reckless Disregard of the Fact that the Alien has Come to or Remains in the U.S. in Violation of Law**

29. Paragraphs 1-28 are incorporated by reference.

30. In about September 2011, within the District of Kansas and elsewhere, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing, and**
**RAM METAL PRODUCTS, INC.,**

harbored an alien, whose initials are SMV, in a building and a means of transportation, knowing and in reckless disregard of the fact that the alien had come to, entered, or remained in the United States in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (v)(II).

**COUNT 13**

**8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II)**

**Harboring an Alien Knowing or in Reckless Disregard of the Fact that the Alien has Come to or Remains in the U.S. in Violation of Law**

31. Paragraphs 1-30 are incorporated by reference.

32. In about February 2013, within the District of Kansas and elsewhere, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing, and**
**RAM METAL PRODUCTS, INC.,**

harbored an alien, whose initials are ADH, in any place, including a building, knowing and in reckless disregard of the fact that the alien had come to, entered,

or remained in the United States in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (v)(II).

**COUNT 14**

**8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II)**

**Encouraging or Inducing Aliens to Reside in the United States Knowing or in Reckless Disregard of their Unlawful Status**

33. Paragraphs 1-32 are incorporated by reference.

34. In about September 2011, within the District of Kansas and elsewhere, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

intentionally induced and encouraged an alien, whose initials are MER, to reside in the United States, knowing and in reckless disregard of the fact that such residence is in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II).

**COUNT 15**

**8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II)**

**Encouraging or Inducing Aliens to Reside in the United States Knowing or in Reckless Disregard of their Unlawful Status**

35. Paragraphs 1-34 are incorporated by reference.

36. In about September 2011, within the District of Kansas and elsewhere, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

intentionally induced and encouraged an alien, whose initials are SMV, to reside in the United States, knowing and in reckless disregard of the fact that such residence is in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II).

**COUNT 16**

**8 U.S.C. § 1324(a)(1)(A)iv) and (v)(II)**

**Encouraging or Inducing Aliens to Reside in the United States Knowing or in Reckless Disregard of their Unlawful Status**

37. Paragraphs 1-36 are incorporated by reference.

38. In about May 2014 through about May 2016, within the District of Kansas and elsewhere, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

intentionally induced and encouraged an alien, whose initials are ADH, to reside in the United States, knowing and in reckless disregard of the fact that such residence is in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II).

## COUNT 17

**8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II)**

**Encouraging or Inducing Aliens to Reside in the United States Knowing or in Reckless Disregard of their Unlawful Status**

39. Paragraphs 1-38 are incorporated by reference.

40. In about 2016, within the District of Kansas, defendants

**TOMMY FRANK KEATON,**
**GRAZIANO CORNOLO,**
**CANADIAN WEST, INC., d/b/a Century Roofing,**
**and**
**RAM METAL PRODUCTS, INC.,**

intentionally induced and encouraged an alien, whose initials are JRC, to reside in the United States, knowing and in reckless disregard of the fact that such

residence is in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II).

**CRIMINAL FORFEITURE**

41. The allegations in paragraphs 1-42 are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest, pursuant to the provisions of Title 8, United States Code, § 1324(b) and Title 18, United States Code, § 1594(d) and (e), and the procedures outlined in Title 21, United States Code, § 853 and Title 28, United States Code, § 2461.

42. Upon conviction of any violation of Title 8, United States Code, § 1324(a), each defendant shall forfeit to the United States the gross proceeds of such violation, and any property traceable to such proceeds, pursuant to Title 8, United States Code, § 1324(b) and pursuant to Title 18, United States Code, § 982(a)(6). Upon conviction for any violation of Title 18, United States Code, § 1589, each defendant shall forfeit to the United States any property involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and any property constituting or derived from, any proceeds obtained, directly or indirectly, as a

result of such violation, and any property traceable to such property, pursuant to Title 18, United States Code, § 1594(d).

43. Therefore, the property subject to the forfeiture includes, but is not limited to, the following:

a. REAL PROPERTY

b. PROCEEDS CONTAINED IN BANK ACCOUNTS

c. SUBSTITUTE ASSETS

If the property described above as being subject to forfeiture, as a result of any act or omission of any defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, § 853(p), as incorporated by Title 18, United States Code, § 982, to seek forfeiture of any other property of the defendants up to the value of the above forfeitable

property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

All pursuant to the provisions of Title 8, United States Code, § 1324(b), Title 18, United States Code, Section 1594(d), and the procedures outlined in Title 21, United States Code, § 853(p).

**A TRUE BILL.**

06/08/2016
Date

/s/ Foreperson
Foreperson of the Grand Jury

/s/ Thomas E. Beall
THOMAS E. BEALL
Acting United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, KS 672020
tbeall1@usa.doj.gov
Kan. Sup. Ct. No. 19929

[It is requested that jury trial be held in Kansas City, Kansas.]

## PENALTIES

**Counts 1-7**, 18 U.S.C. 1589(a), 1589(b), and 1589(b) (Labor Trafficking):

- Not more than 20 years in prison
- Not more than three years of supervised release
- Not more than a $250,000 fine
- $100 special crime victims fund assessment

**Count 8**, 8 U.S.C. 1324(a)(1)(A) and (v)(I) (Conspiracy to Harbor Aliens Not Lawfully Present in U.S. for Commercial Advantage or Private Financial Gain):

- Not more than 20 years in prison
- Not more than three years of supervised release
- Not more than a $250,000 fine
- $100 special crime victims fund assessment

**Counts 9-17,** 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), and (iv) (Transporting, Harboring, and Encouraging Stay of Aliens Not Lawfully in U.S.):

- Not more than five years in prison
- Not more than three years of supervised release
- Not more than a $250,000 fine
- $100 special crime victims fund assessment

**Criminal Forfeiture** as to any count of conviction