IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City Docket)

FILED
MAR 10 2017
TIMOTHY M. O'BRIEN CLERK
By: _____ Deputy

UNITED STATES OF AMERICA,

Plaintiff,

v.

GRAZIANO CORNOLO,

Defendant.

Case No. 16-20051-02-JAR-DJW

**PLEA AGREEMENT**

The United States of America, by and through Brent I. Anderson, Assistant U.S. Attorney, and the defendant, Graziano Cornolo, personally and by and through his counsel, Thomas M. Bradshaw, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**  The defendant agrees to waive indictment in writing and to plead guilty to a Superseding Information charging a violation of 8 U.S.C. Section 1324a(a)(1)(A), engaging in a pattern or practice of employing aliens unlawfully in the United States. By entering into this Plea Agreement, the defendant admits to knowingly committing this offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed for the charge to which he has agreed to plead guilty is not more six months in prison, a fine of up to $3,000 for each unauthorized employee, and $10 mandatory special assessment.

2.    **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

1

**Count 1, 8 U.S.C. 1324a(f)(1), pattern or practice of employing unauthorized aliens:** Between June 2014 and June 2016, the defendant, through a corporation he owned, Canadian West, Inc., employed aliens who were not authorized to be employed in the United States, in violation of the employment eligibility verification program requirements set out at 8 U.S.C. § 1324a(a)(1)(B) and (h)(3). The defendant's corporation employed the aliens at Century Roofing, a company that primarily utilized non-employee contractors to install commercial and residential roofs. However, during the time period referenced above, Canadian West, Inc., employed and re-employed aliens the defendant knew or should have known were not authorized to be employed in the United States, and in so doing, engaged in a pattern or practice in violation of the Employment Eligibility Verification Act, codified at 8 U.S.C. Section 1324a.

3.     **Government's Agreements.**  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)     to move to dismiss the indictment herein as to the defendant;

(b)     to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(c)     to join the defendant in requesting that the presentence investigation and report be waived and that the defendant be sentenced immediately upon entry of his guilty plea; and

(c)     to recommend a sentence of one year of unsupervised probation and no fine, given the substantial amount of assets to be forfeited hereunder.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct during the pendency of this case, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of

justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct during the pendency of this case; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, may be admissible against him in any and all criminal proceedings.

4. **Defendant's additional agreement.** In addition to pleading guilty as set out herein, as a crucial part of the plea agreement, the defendant agrees to civil forfeiture of property seized in connection with the case and identified in paragraph 6 below ("Forfeiture of Assets") and further agrees to execute any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the forfeited property to the United States prior to the imposition of sentence.

5. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

6.     **Forfeiture of Assets:**  As reference in Paragraph 4 above, the defendant

knowingly and voluntarily agrees and consents to the civil forfeiture of the following property, to

the extent of his and/or Canadian West, Inc.'s ownership or financial interest in the property, to

the United States:

a.     Contents of Account # XXXX069, styled as Canadian West, d/b/a/ Century
Roofing, located at Cornerstone Bank, Kansas City, Kansas, in the approximate amount of
$488,074.56;

b.     Contents of Account # XXXX077, styled as Canadian West d/b/a/ Century
Roofing, located at Cornerstone Bank, Kanas City, Kansas, in the approximate amount of
$2,643.96;

c.     Contents of Account # XXXXXX6969, styled as Sharon L. Cornolo and Graziano
Cornolo, located at BMO Harris Bank, Kansas City, Kansas, in the approximate amount of
$29,784.59;

d.     Contents of Account # XXXXX547, styled as Graziano Cornolo and Sharon L.
Cornolo, located at BMO Harris Bank, Kansas City, Kansas, limited to $600,000; any amount
seized above $600,000 shall be returned by the United States to the defendant;

e.     Contents of Account # XXXXX836, styled as BC Roofing, LLC, located at
Arvest Bank, Kansas City, Kansas, in the approximate amount of $3,073.45;

f.     The defendant's ownership interest, if any, $6,000 cash seized from defendant
Alberto Diaz-Hernandez;

g.     $168,700 cash seized from the defendant; and

h.     $5,410 cash seized from Century Roofing office.

The defendant agrees this property was proceeds of, or property traceable to, the

commission of crimes charged in the indictment herein. The defendant knowingly and

voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily

waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment.

The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed

an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine,

restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

7.    **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

8.    **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.  The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

9.    **Waiver of Claim for Attorney's Fees.**  The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

10.    **Full Disclosure by United States.  Parties to the Agreement.**  The defendant understands this Plea Agreement binds only him and the Acting United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

11.    **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his lawyers and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement

5

supersedes any and all other agreements or negotiations between the parties, and that this Plea

Agreement embodies each and every term of the agreement between the parties.

12. **Defendant's acknowledgement.** The defendant acknowledges that he is entering

into this Plea Agreement and is pleading guilty because he is guilty.  He further acknowledges

that he is entering his guilty plea freely, voluntarily, and knowingly.

Brent I. Anderson
Assistant United States Attorney

Date: 3-10-17

Debra Barnett
Criminal Chief

Date: 3-10-17

Graziano Cornoto
Defendant

Date: February 9th 2017

Thomas M. Bradshaw
Attorney for Defendant

Date: February 13, 2017

6